UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOVELACE CARDWELL

                              Plaintiff,                      **COMPLAINT**

v.

THE GLEASON WORKS,

                              Defendant.

Plaintiff, LOVELACE CARDWELL, by and through his attorneys, THE TARANTINO LAW FIRM, LLP for his Complaint against Defendant, THE GLEASON WORKS, alleges as follows:

### JURISDICTION AND VENUE

1.      This action is authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S. C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"); and the New York Human Rights Law, ("NYHRL"), Executive Law § 290 *et seq.* for damages arising from discrimination and retaliation based on race and the discriminatory terms and conditions of employment imposed by Defendant, THE GLEASON WORKS.   Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337, and 1343 (4).

2.      The venue of this action is properly placed in the Western District of New York pursuant to § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.  Plaintiff resides in this district.  Defendant is doing business in this district and a substantial part of the events giving rise to Plaintiff's claims of discrimination and retaliation occurred in this district.

**PARTIES**

3.      Plaintiff is a citizen of the United States of America, and resides in the County of Monroe, and State of New York.

4.      Plaintiff is an African American.

5.      At all relevant times, Plaintiff was an employee of The Gleason Works as defined by 42 U.S.C. §1981, Title VII, 42 U.S.C. § 2000(e) and the New York State Human Rights Law, Executive Law § 290 *et seq*.

6.      Defendant, The Gleason Works is a domestic corporation incorporated under the laws of the State of New York with a principal place of business located at 1000 University Avenue, Rochester, New York.

7.      At all relevant times, Defendant, The Gleason Works, was and still is an employer as defined in 42 U.S.C. § 1981, 42 U.S.C. § 2000 (b) and the New York State Human Rights Law, Executive Law § 290 *et seq.*

**STATEMENT OF THE CASE**

8.      Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "7" as though fully set forth herein.

9.      Plaintiff, Lovelace Cardwell was employed by The Gleason Works as a full-time Material Coordinator for more than twenty-six (26) years.

10.     Mr. Cardwell was terminated on April 20, 2016 for allegedly falsifying time records by punching in a coworker on Saturday April 16, 2016.

11.     A few weeks prior to Plaintiff's termination, he complained about being passed over for a promotion.

12.    Plaintiff complained to The Gleason Works that he believed his failure to receive the promotion (or even an interview for the promotion) was due to his race.

13.    The Gleason Works originally posted the job description for the position, which included the qualification that the candidate for the position be an employee of The Gleason Works for a minimum of one year.

14.    Plaintiff met all of the qualifications for the position and his 26 years of experience with The Gleason Works made him uniquely suited for the position.

15.    Plaintiff expressed my interest in the position, but was not even granted an interview for the position.

16.    Instead the position was given to a white individual who did not meet the originally stated requirement of being a Gleason Works employee for a minimum of one year.

17.    On Saturday, April 16, 2016, Mr. Cardwell arrived at The Gleason Works at or around 5:06 a.m.

18.    Mr. Cardwell's time records demonstrate that he punched in at 5:08 a.m.

19.    Mr. Cardwell is seen on videotape entering the building through the main entrance at approximately 5:06 a.m.

20.    Mr. Cardwell entered the building, punched in and started working.

21.    Mr. Cardwell only punched himself in and did not punch in any other employees.

22.    Mr. Cardwell completed his shift on April 16, 2016 and punched out.

23.    On Monday, April 18, 2016, Mr. Cardwell was called into a meeting with his supervisor and The Gleason Works Human Resources director.

24.    At that meeting, Mr. Cardwell was asked if he punched in any other employee on Saturday, April 16, 2016.

3

25.     Plaintiff denied punching in any other employee.

26.     Mr. Cardwell completed his shift on Monday, April 18, 2016.

27.     Mr. Cardwell worked his entire shift on Tuesday, April 19, 2016.

28.     On Wednesday, April 20, 2016, Mr. Cardwell had scheduled a vacation day.

29.     On April 20, 2016, Mr. Cardwell received a telephone call from The Gleason Works.

30.     Mr. Cardwell returned The Gleason Works telephone call and he was informed he was terminated for falsifying time records.

31.     In 26 years, Mr. Cardwell had not received any prior warnings for falsifying time records.

32.     The Gleason Works claims that another employee admitted he called Mr. Cardwell and asked Mr. Cardwell to punch him in.

33.     Plaintiff's cellular telephone records demonstrate that the only telephone call between Mr. Cardwell and the other employee that occurred prior the time that Mr. Cardwell is alleged to have punched in the other employee, was a telephone call *from* Mr. Cardwell to that employee.

34.     The other employee could *not* have called Plaintiff and asked him to punch him in prior to 5:09 a.m.

35.     Mr. Cardwell's cellular telephone records demonstrate that the other employee did not call Mr. Cardwell until 5:30 a.m.

36.     The telephone records do not substantiate The Gleason Works version of the events nor the other employee's "admission" to the Gleason Works that he called Plaintiff and asked him to punch him in.

4

37.     Swipe card data supplied by The Gleason Works demonstrates that approximately 49 employees entered the building prior to the time that the other employee punched in at 5:09 a.m.

38.     Any of these 49 employees that arrived prior to 5:09 a.m. could have punched in the other employee.

39.     The Gleason Works made a false statement to the Department of Labor that they had video evidence of Plaintiff punching in for the other employee.

40.     The Gleason Works actually did not have any video evidence demonstrating Plaintiff punching in another employee.

41.     The Gleason Works manufactured a reason to terminate Plaintiff based on little or false evidence a few weeks after he engaged in protected activity.

### CONDITIONS PRECEDENT TO ACTION

42.     Plaintiff has complied with all of the jurisdictional prerequisites to action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000-e as follows:

A.      In accordance with the time prescribed by 42 U.S.C. § 2000-e, Plaintiff filed a charge of discrimination and retaliation on the basis of race with the EEOC on or about June 23, 2016.

B.      On or about the same date as the aforementioned EEOC charge was filed, the EEOC caused a copy of said charge to be filed with the New York State Division of Human Rights.

C.      On or about June 26, 2017, the EEOC sent notification to Plaintiff that he had the right to sue within 90 days of the receipt of the notification.  A copy of the EEOC Right to Sue is attached hereto as **Exhibit "A."**

D.      Plaintiff has filed this action within 90 days of the receipt of the notification of the Right to Sue from the EEOC.

## AS AND FOR A FIRST CAUSE OF ACTION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000(e) et seq.

43.      Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though fully set forth herein.

44.      The Gleason Works discriminated against Plaintiff with respect to the terms and conditions of employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, as amended by the Civil Rights Act of 1991.

45.      The Gleason Works violated Title VII by creating and allowing a culture of race discrimination to permeate Plaintiff's workplace and all aspects of his work environment.  This hostile and abusive work environment was created by decisions, actions and conduct engaged in by The Gleason Works. The severe and pervasive abusive environment was maintained since the start of Plaintiff's employment through his termination and fostered and promoted by The Gleason Works' discriminatory acts and conduct as described herein.

46.      The discrimination described herein shows a continuous pattern of unlawful employment practices.

47      The Gleason Works had actual and constructive knowledge of the conduct described herein, but failed to take any remedial action to put an end to the harassment Plaintiff suffered.

6

48.    The Gleason Works knowingly and recklessly discriminated against the Plaintiff on the basis of his race by having direct and firsthand knowledge of discriminatory acts towards Plaintiff and failing to take remedial and precautionary steps for the protection of the rights of the Plaintiff.

49.    The Gleason Works knowingly and recklessly permitted its employees, supervisors and leadership team to treat African American employees in a manner different from the treatment received by similarly situated Caucasian employees.

50.    The Gleason Works failed to provide Plaintiff with a suitable work environment and knowingly and recklessly exposed Plaintiff to a racially hostile and unsupportive work environment.

51.    The Gleason Works' wrongful acts, conducts, and omissions including but not limited to, those described above, were willful and wanton and done with malice or reckless indifference to Plaintiff's rights and feelings, thereby entitling Plaintiff to an award of compensatory damages, including but not limited to lost wages, loss of future income, compensation and benefits, compensation for emotional pain and suffering and/or punitive damages.

52.    As a result of The Gleason Works' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

53.    Plaintiff demands a jury trial as to all issues so triable.

7

**AS AND FOR A SECOND CAUSE OF ACTION**
**NEW YORK HUMAN RIGHTS LAW**
**NEW YORK EXECUTIVE LAW §290 ET SEQ.**

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" as though fully set forth herein.

55.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

56.     During the course of Plaintiff's employment, The Gleason Works has treated Plaintiff adversely because of his race and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

57.     As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant subjected Plaintiff to adverse employment action because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

58.     The Gleason Works has engaged in a pattern and practice of discrimination against Plaintiff with respect to compensation, terms, conditions, and privileges of employment and subjected him to a hostile work environment because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

59.     The Gleason Works discriminated against Plaintiff in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

60.     Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights.

61. As a result of Defendant's actions, conduct, and omissions, including but not limited to, those described above, Plaintiff incurred damages including but not limited to, lost wages and employee benefits, lost employment opportunities, lost future income, compensation and benefits, mental anguish, and embarrassment.

62. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

63. Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VII

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "63" as though fully set forth herein.

65. The Gleason Works' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's engaging and participating in protected activity and by opposing an employment practice made unlawful by Title VII.

66. The Gleason Works' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's close association with an individual who exercised his rights under 42 U.S.C. §2000(e) et seq.

67. The Gleason Works has discriminated and otherwise retaliated against Plaintiff because Plaintiff engaged and participated in protected activity and by opposing an employment practice made unlawful by Title VII and because Plaintiff encouraged or assisted an individual who opposed Defendant's unlawful acts and/or practices in violation of 42 U.S.C. § 2000e-3

68. As a result of The Gleason Works' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

69.    Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF NYSHRL**

70.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "69" as though fully set forth herein.

71.    Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

72.    During the course of Plaintiff's employment, Defendant retaliated or discriminated against Plaintiff because Plaintiff opposed Defendant's unlawful practices and/or because Plaintiff filed a complaint and/or assisted in a proceeding under the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

73.    During the course of Plaintiff's employment, Defendant retaliated or discriminated against Plaintiff because Plaintiff has a close associational relationship with an individual who opposed Defendant's unlawful practices and/or because Plaintiff filed a complaint and/or assisted in a proceeding under the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

74.    As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant retaliated against Plaintiff because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 297.

75.    Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights.

76.    As a result of Defendant's actions, conduct, and omissions, including but not limited to, those described above, Plaintiff incurred damages including but not limited to, lost wages and employee benefits, lost employment opportunities, mental anguish and embarrassment.

77.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

78.      Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A FIFTH CAUSE OF ACTION
## 42 U.S.C. § 1981

79.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "78" as though fully set forth herein.

80.     Defendant has discriminated against Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the making, performance and/or modification of his employment relationship with Defendant and with regard to the enjoyment of all benefits, privileges, terms and conditions of that relationship in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

81.     Defendant's conduct has been intentional, willful and conducted in callous disregard of the rights of Plaintiff under the law.

82.     As a result of The Gleason Works' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

83.     Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF SECTION 1981

84.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "83" as though fully set forth herein.

85.     By the actions detailed above, The Gleason Works has retaliated against Plaintiff based on his protected activities in violation of Section 1981.

11

86.     As a direct and proximate result of The Gleason Works' unlawful and retaliatory conduct in violation of Section 1981, plaintiff has suffered and continues to suffer emotional distress, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

87.     The Gleason Works' unlawful and retaliatory actions were intentional, done with malice and/or showed deliberate, willful, wanton and reckless indifference to Plaintiff's rights under Section 1981, for which Plaintiff is entitled to an award of punitive damages.

88.     Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983

89.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "88" as though fully set forth herein.

90.     By the actions detailed herein, The Gleason Works has discriminated against Plaintiff on the basis of his race in violation of Section 1983 by, *inter alia,* denying him rights privileges or immunities guaranteed under and in violation of the Equal Protection Clause of the United States Constitution, including denying him the same terms and conditions of employment available to employees who are Caucasian, subjecting him to disparate working conditions and denying him terms and conditions of employment equal to that of employees who are Caucasian.

91.     The Gleason Works also violated Section 1983 by retaliating against Plaintiff for engaging in protected activity.

92.     The Gleason Works acted intentionally, knowingly or recklessly, to deprive Plaintiff of his constitutionally protected rights.  The Gleason Works acted with the knowledge that its conduct, decisions and pattern of discrimination were reasonably likely to result in a deprivation of Plaintiff's constitutionally protected rights.

12

93.    The Gleason Works acted with malice, even motive and reckless indifference to Plaintiff's rights, for which Plaintiff is entitled to an award of punitive damages.

94.    As a direct and proximate result of The Gleason Works' unlawful and retaliatory conduct in violation of Section 1983, Plaintiff has suffered, and continues to suffer, emotional distress, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits, for which he is entitled to an award of damages in the amount of $3 million.

95.    Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

1.    For the First, Third, Fifth, Sixth and Seventh Causes of Action, Plaintiff demands judgment against Defendant THE GLEASON WORKS as follows:

a.    For recovery of $3 million against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

b.    For the recovery of costs and counsel fees as provided by statute;

c.    For trial by jury on all triable issues; and

d.    For such other and further relief as the Court may deem just, fit,

2.    On the Second and Fourth Causes of Action, Plaintiff demands judgment against Defendant THE GLEASON WORKS as follows:

a.    For the recovery of $3 million against Defendant as actual damage for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension,

social security, and other past and future benefits, mental anguish, emotional distress and embarrassment in an equal amount as liquidated damages, and compensatory damages, together with interest as a result of Defendant's discrimination against Plaintiff;

      b.    For trial by jury on all triable issues; and

      c.    For such other and further relief as the Court may deem just, fit, and proper.

Dated:  Buffalo, New York
      August 30 2017

               Respectfully submitted,


               s/ Jenna S. Burke
               Jenna S. Burke, Esq.
               The Tarantino Law Firm, LLP
               *Attorneys for Plaintiff, LOVELACE CARDWELL*
               1500 Rand Building, 14 Lafayette Square
               Buffalo, New York 14203
               (716) 849-6500
               jburke@tarantinolaw.com

14